Case 4:24-cv-02148   Document 20   Filed on 09/27/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN K. LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2148 |
| | § | |
| JEUNG-HO PARK a/k/a JP PARK, GLOBAL ONE BANK, and DOES 1 TO 50, Inclusive, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendants Jeung-Ho Park a/k/a JP Park ("Park") and Global One Bank's ("GOB") (collectively, "Defendants") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). Based on a review of the motion and relevant law, the Court **RECOMMENDS** Defendants' Motion to Dismiss (*Id.*) be **GRANTED**.

### I.   Background

On April 25, 2024, *pro se* Plaintiff Sean K. Lee ("Plaintiff") filed his Original Petition in the 55th Judicial District Court of Harris County, Texas, alleging violations of the Bank Secrecy Act and the Dodd-Frank Wall Street

---

[1] On June 23, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

Reform and Consumer Protection Act (the "Dodd-Frank Act"). (ECF No. 1-2 at 2–8). In his Petition, Plaintiff states he was employed by GOB from January 16, 2023 until his termination on January 31, 2024. (*Id.* at 2). Plaintiff alleges he was responsible for ensuring compliance with federal and state banking laws. (*Id.*). Plaintiff alleges he reported violations of the Bank Secrecy Act and the Dodd-Frank Act to his supervisors, including Park. (*Id.* at 3). As a result, Plaintiff alleges he faced retaliation from Park, who ultimately terminated Plaintiff's employment to prevent further disclosures. (*Id.*).

On June 6, 2024, Defendants filed its Notice of Removal, alleging "this Court has original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) . . . [and] jurisdiction under 28 U.S.C. § 1331, as Plaintiff's petition asserts claims under several federal statutes, thereby giving rise to federal question jurisdiction." (ECF No. 1 at 2). Following its removal, Defendants filed the instant Motion to Dismiss. (ECF No. 5). Plaintiff did not file a response.

## II.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept

as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not

3

required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

### III.  Discussion

Defendants argue the Court should dismiss Plaintiff's Bank Secrecy Act and Dodd-Frank Act claims with prejudice because neither act creates a private cause of action.  (ECF No. 5 at 7–9).  Because Plaintiff did not file a response to Defendants' Motion to Dismiss, the "motion will be taken as a representation of no opposition."  S.D. TEX. LOC. R. 7.4.  The Court ultimately agrees with Defendants.

First, "[t]here is no private right of action under the Bank Secrecy Act." *Hunter v. Navy Fed. Credit Union*, No. 3:24-cv-0788, 2024 WL 3094610, at *5 (N.D. Tex. June 20, 2024) (collecting cases). "The obligation under th[is] statute is to the government," meaning that banks owe private individuals no duty of care pursuant to it. *Marlin v. Moody Nat. Bank, N.A.*, No. 04-cv-4443, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006), *aff'd*, 248 F. App'x 534 (5th Cir. 2007).

Second, "[t]he Dodd-Frank Act provides incentives and protections for securities whistleblowers." *Buchanan v. Sterling Constr. Co., Inc.*, No. 16-cv-3429, 2017 WL 6888308, at *2 (S.D. Tex. July 26, 2017). Importantly here, "[t]he Dodd-Frank whistleblower protections only extend 'to those individuals who provide information relating to a violation of the securities laws to the SEC.'" *Id.* (quoting *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 623 (5th Cir. 2013)). As noted by Defendants (ECF No. 5 at 11), Plaintiff's Petition is devoid of any facts as to the conduct required under the Dodd-Frank Act to qualify as a whistleblower. *See also Stroupe v. Borchert*, No. 23-cv-265, 2023 WL 4264548, at *3 (E.D. La. June 29, 2023) ("Plaintiff does not explain why he would be entitled to relief under either statute, nor is the Court able to discern from plaintiff's complaint or briefing how [the Dodd-Frank Act] is relevant to this dispute.").

Further, to the extent Plaintiff asserts a claim under the regulatory provisions of the Dodd-Frank Act, the Court recommends it be dismissed because the Dodd-Frank Act does not create a "private right of action to enforce [its] prohibitions against unfair, deceptive, abusive, or misleading conduct, or any other relevant prohibitions." *Lewis v. Navient Corp.*, No. 1:20-cv-0572, 2020 WL 10142125, at *3 (N.D. Ga. Apr. 2, 2020), *report and recommendation adopted*, No. 1:20-cv-0572, 2020 WL 10141225 (N.D. Ga. Apr. 21, 2020) (collecting cases); *see Asadi*, 720 F.3d at 623.

Defendants also contend the Court should dismiss any other claims that Plaintiff attempts to assert in his prayer for relief. (ECF No. 5 at 11). Plaintiff's prayer includes requests for the following relief:

1. Compensation for unpaid salary for the remainder of a three-year binding period;
2. Payment of a stock grant previously awarded to the Plaintiff by JP;
3. Unpaid salary for the year 2023 as per JP Park's oral commitment;
4. Unpaid January 2024 Expense Reimbursement;
5. Unpaid consulting fees for the last 5 years;
6. Reimbursement for unpaid moving expenses;
7. Punitive damages in relation to the loss of potential earnings from Risk Management;
8. Reinstatement of the Plaintiff to the former position;
9. Plaintiff's attorney fees;
10. Such other and further relief as the Court deems just and proper.

(ECF No. 1-2 at 7–8). Defendants argue, if the Court considers the prayer as an assertion of claims, the Court should dismiss those claims under Rule 12(b)(6). (ECF No. 5 at 12). However, the Court does not view Plaintiff's prayer

for relief as asserting any additional claims outside of Plaintiff's Bank Secrecy Act and Dodd-Frank Act claims. To the extent Plaintiff does assert additional claims in the prayer for relief, they are not properly before the Court. *See Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1150 n.30 (E.D. La. 2021) (finding plaintiff's prayer asserted relief unsupported by claims in the amended complaint and, therefore, not properly before the court).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss (ECF No. 5) be **GRANTED**. The Court **FURTHER RECOMMENDS** Plaintiff's Petition be **DISMISSED WITH PREJUDICE** as to Defendants Jeung-Ho Park a/k/a JP Park and Global One Bank.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on September 27, 2024.

Richard W. Bennett
United States Magistrate Judge