Case 4:24-cv-02148   Document 37   Filed on 12/10/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SEAN K. LEE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2148 |
| | § | |
| **JEUNG-HO PARK a/k/a JP PARK, GLOBAL ONE BANK, and DOES 1 TO 50, Inclusive,** | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On December 3, 2024, the Court[1] ordered the parties to submit briefing as to the status of DOES 1 to 50 by December 9, 2024.  (ECF No. 35).  Plaintiff listed DOES 1 to 50 as a defendant in his original petition.  (ECF No. 1-2 at 2). DOES 1 to 50 was listed as a defendant in four separate filings before this Court.  (ECF No. 25 at 1; ECF No 27 at 1; ECF No. 27-1 at 1; ECF No. 28 at 1; ECF No. 28-1 at 1; ECF No. 31 at 1; ECF No. 31-1).

On December 9, 2024, counsel for Defendants[2] Jeung-Ho Park a/k/a JP Park ("Park") and Global One Bank's ("GOB") (collectively, "Defendants") filed

---

[1] On June 23, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

[2] Plaintiff's claims against Park and GOB were dismissed with prejudice on November 22, 2024.  (ECF No. 33).

a Brief Regarding Status of "Does 1 to 50, Inclusive" and Motion to Dismiss. (ECF No. 36). Plaintiff did not file any briefing regarding DOES 1 to 50.

As to the status of DOES 1 to 50, Defendants' counsel states:

> On April 25, 2024, Plaintiff filed this lawsuit in the 55th Judicial District Court of Harris County, Texas against Jeung-Ho Park, Global One Bank (collectively, the "Dismissed Parties"), and the Does. Shortly thereafter the Dismissed Parties became aware of the lawsuit via email. Importantly, neither the Dismissed Parties nor the Does were ever served with the lawsuit. *See* Exhibit A, Service History. On June 6, 2024, the Dismissed Parties removed the lawsuit based on diversity jurisdiction. The Does were not included in the Dismissed Parties' Notice of Removal. *See* Notice of Removal [Dkt. No. 1]. Indeed, had the Does been served, or otherwise made aware of the lawsuit, this Court would have required their consent to the removal. *See* 28 U.S.C. § 1446 (b)(2)(B) (all properly joined and served defendants must consent to removal).

(ECF No. 36 at 1–2). Defendants' counsel also argues the Court should *sua sponte* dismiss DOES 1 to 50 under Federal Rule of Civil Procedure 4(m) for failure to effect service within ninety days of the removal date. (*Id.* at 3). Plaintiff filed his Original Petition on April 25, 2024. (*See* ECF No. 1). The Dismissed Parties removed this case on June 6, 2024. (*Id.*). As such, Defendants' counsel states "[t]he 90-day toll commenced as of the date of removal and Plaintiff has had 186 days to effect service on [DOES 1 to 50]." (ECF No. 36 at 2). Defendants' counsel adds that "Plaintiff has not, nor can he, show that good cause exists to excuse his failure to name and serve [DOES 1 to 50]." (*Id.* at 3). The Court agrees.

The Court maintains inherent authority to dismiss an action without motion by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to *sua sponte* dismiss for failure to state a claim as long as the procedure employed is fair). Generally, the *sua sponte* dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("[F]airness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). This Memorandum and Recommendation puts Plaintiff on notice of the Court's intention to dismiss his case *sua sponte* and allows Plaintiff fourteen days to file an objection to the *sua sponte* dismissal and explain why this case should be allowed to proceed. Thus, the procedure used here for *sua sponte* dismissal is fair. *See Anokwuru*, 990 F.3d at 967 (finding plaintiff who filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's case against DOES 1-50 be **DISMISSED WITHOUT PREJUDICE** for failure to effect service as required by Federal Rule of Civil Procedure 4(m).[3]

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on December 10, 2024.

                                                             _____
                                                             Richard W. Bennett
                                                             United States Magistrate Judge

---

[3] Defendants' counsel requests that the Court order the Clerk to remove her from the ECF Docket as representing "DOES 1 to 50, Inclusive." (ECF No. 36 at 4). However, adoption of this Memorandum and Recommendation would ultimately close Plaintiff's case. Thus, the Court finds Defendants' counsel's request as unnecessary at this time.